UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2017 APR 27 PM 3:58
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES OF AMERICA, Plaintiff,

v.

VINCENT GEVIRTZ, Defendant.

Cause No. 1 17-cr-0068 RLY -MJD

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and, Winfield D. Ong , Assistant United States Attorney ("the Government"), and the defendant, VINCENT GEVIRTZ ("the defendant"), in person and by counsel, Gal Pissetzky, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

**Part 1: Guilty Plea and Charge(s)**

1. **Plea of Guilty:** The defendant, having waived the right to indictment by a grand jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense(s) charged in the Information:

Count I, which charges that the defendant committed the offense of Distribution and Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

2. **Potential Maximum Penalties**: The offense is punishable by a maximum sentence of 20 years of imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment. This offense also carries a minimum term of imprisonment of 5 years and a minimum term of 5 years of supervised release.

3. **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

Count 1: Distribution and Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct:

i. The Defendant knowingly distributed or received a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; and

ii. the production of such visual depiction involved the use of a minor under the age of 18 years engaging in sexually explicit conduct; and

iii. such visual depiction was of such minor engaged in sexually explicit conduct; and

iv. the Defendant knew that at least one of the persons in such visual depiction was a minor under the age of 18 years and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

## Part 2: General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in

determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

**5. Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

**6. Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3: Sentence of Imprisonment

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter. The Government will recommend a sentence within the applicable sentencing guideline range. The Defendant is free to ask for any sentence, including one below the advisory Guideline range, but in no case for a sentence less than 60 months' incarceration.

**10. Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, to follow the term of imprisonment in this case, and the terms and conditions of the release.

**11. Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

**SEE ADDENDUM A**

**12. No Appeal of Supervised Release Term and Conditions**: As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 4: Monetary Provisions and Forfeiture

13. **Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14. **Fine:** The Government will recommend a fine consistent with any findings and recommendations made by Probation to the Court. The Defendant understand that the amount and payment terms of any fine will be determined by the Court.

15. **Restitution:** The parties understand that federal law requires the payment of restitution to the minor victims of the offense charged in Count 1, who were the victims in the child pornography. The Defendant will pay $3,000 to each minor victim in the child pornography he distributed, received, notice or advertised, made available to other persons, or possessed, if such victim can be identified and makes a claim for such restitution. These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization. The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography can be identified or will seek such restitution. The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

16. **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing,

then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**17. Forfeiture:** The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or

criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

**SEE ADDENDUM B**

A. The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5: Factual Basis for Guilty Plea

18. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

1. On May 4, 2016, an undercover law enforcement officer, operating based on evidence that an individual, later identified as the defendant, was viewing and posting child exploitation material online, engaged in a one-on-one internet chat session with the defendant. During that internet chat the defendant posted three links to child exploitation material, making the electronic files available for download by the undercover officer.

2. During the chat session the defendant described in specific detail his interest in child exploitation material and continued to post links to child exploitation material.

3. Subsequently, the internet address used for the chat, and to post the child exploitation material was linked directly to the defendant. The internet is a means or facility of interstate commerce

4. On July 13, 2016, a search warrant was executed at the defendant's residence. At that time, the defendant admitted to law enforcement officers that he was the person who posted online the child exploitation material described above. He also admitted his interest in child exploitation material. The defendant provided law enforcement officers access to his computer, and additional child exploitation material was found on that computer.

5. The child exploitation material connected to the links posted by the defendant and the material possessed by the defendant were of minors under the age of 18 years engaging in sexually explicit conduct.

## Part 6: Other Conditions

**19. Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited

from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**20. Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**21. Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

**22. Guideline Computations:** The parties leave open for argument whether the offense involved distribution for the receipt or expectation of receipt of a thing of value, but not for pecuniary gain, the "thing of value" being additional child pornography from other persons, which would result in a **5** level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B). Otherwise, pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2015 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A. **Count 1**

- **Base Offense Level:** Count 1 carries a base offense level of 22. U.S.S.G. § 2G2.2(a)(2).
- **Victim Age:** The images involved a pre-pubescent minor who had not attained the age of 12 years. This results in a 2 level enhancement. U.S.S.G. § 2G2.2(b)(1)(B).
- **Computer Use:** The offense involved the use of a computer and an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. This results in a 2 level enhancement. U.S.S.G. § 2G2.2(b)(6).
- **Extreme Material:** The offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. The results in a 4 level increase. U.S.S.G. § 2G2.2(b)(4).
- **Number of Images:** Added together, these offenses involved more than 600 images and videos of child pornography. This results in a 5 level enhancement. U.S.S.G. § 2G2.2(b)(7)(C).

**Subtotal**:

- In the event the 5 level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) applies, Count 1 carries a total offense level of **40**.
- In the event the 5 level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) does not apply, Count 1 carries a total offense level of **35**.

**B. Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

**B. Final Offense Level: 32 or 37.**

## Part 8: Waiver of Right to Appeal

**23. Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further agrees that in the event the Court sentences the defendant **within or below the advisory Guidelines range as calculated by the Court,** regardless of the defendant's criminal history category or how the sentence is calculated by the

Court, then the defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

**24. Collateral Attack:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the Government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the District Court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

**25. No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

**Part 9: Presentence Investigation Report**

**26.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**27.** The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

**Part 10: Immigration Consequences**

**28.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

**Part 11: Statement of the Defendant**

**29.** By signing this document, the defendant acknowledges the following:

**A.** I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this

case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

**B.** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.** I have read the entire Plea Agreement and discussed it with my attorney.

**D.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**I.** I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

## Part 12: Certificate of Counsel

**30.** By signing this document, the defendant's attorney and counselor certifies as follows:

**A.** I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Information in this case;

**B.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**C.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.** In my opinion, the defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

**Part 13: Final Provision**

**31. Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

4-27-17
DATE

Winfield D. Ong
Assistant United States Attorney

4-27-17
DATE

W. D. Ong for
Joe H. Vaughn
Choose Approver's Title

4/20/2017
DATE

Vincent Gevirtz
Vincent Gevirtz
Defendant

4-24-17
DATE

Gal Pissetzky
Counsel for Defendant

# ATTACHMENT A

**Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

A. Defendant shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to the probation officer and approved by the court. In determining whether to recommend approval of such activities involving members of your family, the probation officer shall determine if you have notified the persons having custody of any such minors about the conviction in this case and the fact that you are under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent recommended approval of the activity.

B. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

C. You shall not participate in unsupervised meetings, non-incidental communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor,

including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in mental health treatment or religious services with felons in such programs so long as the activity has been disclosed as described above.

D. You are prohibited from entering any place primarily frequented by children under the age of 18, including parks, schools, playgrounds, and childcare facilities.

E. You shall not remain at a place for the primary purpose of observing or contacting children under the age of 18.

F. **Restrictions on Viewing Sexually Explicit Materials:** You shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

G. **Sex Offense-Specific Assessment, Treatment, and Physiological Testing:** You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer. You shall pay some or all of the costs of treatment, in accordance with your ability to pay.

H. **Computer and Internet Restrictions:** You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items.

Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment. You shall pay some or all of the costs associated with the monitoring, in accordance with your ability to pay.

I. **Search and Seizure:** You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

## ATTACHMENT B

**Items to be Forfeited:**

Computer